**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3999-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUIS RODRIGUEZ,

    Defendant-Appellant.

_____

Argued February 13, 2024 – Decided April 11, 2024

Before Judges Whipple and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 20-11-0242.

Paul Condon argued the cause for appellant.

Timothy P. Kerrigan, Jr., Chief Assistant Prosecutor, argued the cause for respondent (Camelia M. Valdes, Passaic County Prosecutor, attorney; Timothy P. Kerrigan, Jr., of counsel and on the brief).

PER CURIAM

Defendant Luis Rodriguez appeals from the denial of his motion to suppress the seizure of a motor vehicle, without a warrant, and the evidence the State found after obtaining a search warrant six days later. We affirm.

We glean the facts from the motion record. The State summoned Officer Frank Caravella and Detective Alonso Bermudez of the Paterson Police Department to testify at the suppression hearing. Officer Caravella testified that on January 8, 2020, he was dispatched to the area of 518 East 40th Street in Paterson, New Jersey. An anonymous caller reported having heard "approximately two shots fired in the area" and observed "two Hispanic males running from that area." The anonymous caller provided clothing descriptions for both individuals, stating that one person wore a pair of black Adidas sweatpants, and the second person wore a light-colored green sweater. Further, the caller "stated that as the two Hispanic males were running up the street, . . . one of them brandish[ed] and point[ed] a handgun at a bright-color[ed] vehicle and . . . [shot] one round off . . . at the vehicle."

Upon arrival, Officer Caravella observed a red Honda Accord stopped in the middle of the street. He observed a person sitting in the driver's seat of the vehicle, later identified as defendant; and a male standing outside the driver's side of the vehicle, later identified as defendant's brother. Defendant and his

brother were apparently having a conversation. Officer Caravella testified the brother wore black pants with an Adidas logo consistent with the description provided by the anonymous caller. Further, Officer Caravella testified defendant wore a light green colored sweater that matched the description provided by the anonymous caller.

Defendant moved the vehicle to a parking area. Officer Caravella observed "numerous" rounds of live ammunition "close by" in the street. He also observed a "magazine" and a "spring for a magazine" "destroyed" in the street. Defendant and his brother were detained because they matched the description by the anonymous caller, and there was ammunition where the vehicle was stopped in the street and where the brother was standing.

Officer Caravella detained the brother. While detained, the brother explained that defendant told him he was in their mother's vehicle when he was approached by three unidentified males that tried to rob him. As he drove away, the would-be robbers "shot" or "fired off a few rounds" at the vehicle. A different officer attempted to detain defendant, however, defendant fled the scene.

After the scene was secured, Officer Caravella observed bullet holes on both sides of the vehicle and, because of the bullet holes, the vehicle was towed

3

away. Detective Bermudez testified that he made the same observations of the scene as Officer Caravella. Moreover, he testified the vehicle was towed to a secured facility.

Six days later, a search warrant was obtained for the vehicle. Detective Bermudez testified the vehicle was not tampered with before the search, and that he was present during the search. He explained the following items were found in the vehicle: (1) two handguns, one with an extended magazine; (2) 8,250 pieces of heroin; (3) two bags of fentanyl; (4) over $3,400 in cash; and (5) defendant's driver's license. Thereafter, the brother was arrested, and defendant ultimately "turned himself in."

On November 9, 2020, a grand jury returned a twenty-count indictment against defendant. Defendant filed a motion to suppress the items found in the vehicle. After hearing the testimony from Officer Caravella and Detective Bermudez the court determined there was probable cause to seize the vehicle because: (1) the car was actually part of the crime scene; (2) defendant's and his brother's clothing matched the description provided by the anonymous caller; (3) shell casings were observed in the area of the vehicle, (4) the bullet holes in the vehicle; and (5) the brother's statement indicated "something had gone on." The judge found the police had probable cause to seize the vehicle because the

4

vehicle constituted an instrumentality or fruit of a crime. Moreover, the judge found that "absent immediate impoundment[,] the vehicle [could have] be[en] removed by a third party," like the vehicle's owner, the brothers' mother. By order dated January 21, 2022, the judge denied the motion to suppress.

On June 6, 2022, defendant pled guilty to "second-degree possession of [controlled dangerous substances] with intent to distribute and second-degree certain persons not to have a weapon." Defendant did not waive his right to appeal the denial of his suppression motion.

On appeal defendant argues:

> THE TRIAL COURT ERRED IN HOLDING THE SEIZURE OF THE HONDA ACCORD WITHOUT A WARRANT WAS CONSTITUTIONAL.
>
> THE SIX[-]DAY DELAY IN THE SEARCH WARRANT WAS EXCESSIVE AND IMPERMISSIBLE.[1]

Our "review of a trial court's decision on a suppression motion is [circumscribed]." State v. Washington, 475 N.J. Super. 292, 300 (App. Div. 2023). We "defer to the [trial] court's factual and credibility findings provided

---

[1] Defendant's Case Information Statement states he "appeals from the final judgment of conviction and length of the court's sentence of 7/20/22." Since he has not briefed the length of sentence issue, we understand it to be waived. See N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 504 n.1 (App. Div. 2015).

they are supported by sufficient credible evidence in the record." Ibid. (citing State v. Dunbar, 229 N.J. 521, 538 (2017)). However, "[a] trial court's legal conclusions, . . . and its view of 'the consequences that flow from established facts' are reviewed de novo." State v. Goldsmith, 251 N.J. 384, 398 (2022) (quoting State v. Hubbard, 222 N.J. 249, 263 (2015)).

The Fourth Amendment of the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. The New Jersey Constitution contains nearly identical language guaranteeing the same right. See N.J. Const. art. I, ¶ 7. Consequently, "[a] warrantless search is presumed invalid unless it falls within one of the recognized exceptions to the warrant requirement." State v. Gamble, 218 N.J. 412, 425 (2014) (quoting State v. Cooke, 163 N.J. 657, 664 (2000)). "[T]he State bears the burden of proving by a preponderance of the evidence that [the] warrantless search and seizure '[fell] within one of the . . . exceptions to the warrant requirement.'" Goldsmith, 251 N.J. at 399 (second and third alterations in original) (quoting State v. Shaw, 213 N.J. 398, 409-10 (2012)).

"Plain view is one of the recognized exceptions to the warrant requirement." State v. Johnson, 476 N.J. Super. 1, 20 (App. Div. 2023). To rely on this exception, "the State must prove: (1) 'the officer [was] lawfully . . . in the area where he observed and seized the incriminating item or contraband'; and (2) 'it must be immediately apparent that the seized item is evidence of a crime.'" Id. at 20-21 (alteration in original) (quoting State v. Gonzales, 227 N.J. 77, 101 (2016)). "[I]n order to seize evidence in plain view a police officer must have 'probable cause to associate the property with criminal activity.'" State v. Johnson, 171 N.J. 192, 207 (2002) (quoting State v. Bruzzese, 94 N.J. 210, 236-38 (1983) (quoting Texas v. Brown, 460 U.S. 730, 741-42 (1983))). "Probable cause requires more than a mere hunch or bare suspicion, but less than the legal evidence necessary to convict; it requires a well-grounded suspicion." State v. Irelan, 375 N.J. Super. 100, 118 (App. Div. 2005) (citing State v. Burnett, 42 N.J. 377, 386-87 (1964)).

Defendant argues the seizure of the vehicle was unconstitutional because "there was no probable cause to arrest [him] and thus none for the seizure of the vehicle." Moreover, "there was no testimony on the record that the vehicle itself constituted an instrumentality or fruit of a crime." We conclude defendant's argument is misplaced.

7

The State satisfied the plain view exception. First, the police were "lawfully . . . in the area where [they] observed and seized the [vehicle]." Johnson, 476 N.J. Super. at 20-21. The officers observed the vehicle while on the public road where the vehicle was parked.

Second, it was immediately apparent that the vehicle was evidence of a crime. Ibid. The evidence included: (1) bullet holes in the vehicle; (2) the brother's statement that defendant had explained he was nearly robbed by several individuals, and then shot at while operating the vehicle; (3) the anonymous caller's description of hearing gun shots; (4) the anonymous caller's description of the physical appearance and dress of the individuals that matched the brothers; and (5) the shell casings and magazine found in the street near the original location of the vehicle.

In addition, defendant argues the judge erred in "conclud[ing] that immediate impoundment was necessary to prevent removal by a third party." Instead, he argues the vehicle could not have been moved because it was blocked by police vehicles, and the police had time to apply for a warrant. However, "only probable cause[, which existed here,] is needed to tow and impound a car." Washington, 475 N.J. Super. at 305; see also State v. Smart, 253 N.J. 156, 173-74 (2023).

Next, defendant baldly argues "the six[-]day delay [to obtain the search warrant] exceed[ed] any reasonable bounds for an investigatory detention." Consequently, he contends, "the continued search of and the evidence seized from the unreasonable seizure was the fruit of the illegal conduct of law enforcement." We disagree.

There is no evidence the six-day period between the seizure of the vehicle and obtaining the search warrant for the vehicle was unreasonable. Detective Bermudez testified only police officers had access to the vehicle, and the vehicle had not been tampered with prior to executing the search warrant. Moreover, the State explains "it took the time to review and compile the various accounts of the investigation by different police officers into a single account, and then supplemented it with additional record searches and investigation, in order to present a complete account of the investigation to the judge."

To the extent that we have not addressed any remaining arguments raised by defendant we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                        A-3999-21